UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
MARK SWINDELL, ET AL.                         :
                                              :        CASE NO. 1:16-CV-694
                        Plaintiffs,           :
                                              :
vs.                                           :        OPINION & ORDER
                                              :        [Resolving Docs. 5, 7, 19]
KENNAMETAL INC.,                              :
                                              :
                        Defendant.            :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 11, 2016, Plaintiffs Mark Swindell, et al. filed a complaint in the Cuyahoga County Common Pleas Court bringing intentional tort, fraud, and negligence claims against Defendant Kennametal, Inc.[1]  On March 21, 2016, Defendant Kennametal removed the case to this Court.[2] On March 23, 2016, Defendant filed a motion to dismiss.[3] Plaintiffs then filed a motion to convert the motion to dismiss to a motion for summary judgment.[4] On April 26, 2016, Defendant filed a motion to exclude matters outside the pleadings.[5]

For the reasons below, this Court **DENIES** the motion to dismiss, **DENIES** the motion to convert the motion to dismiss to a motion for summary judgment, and **DENIES AS MOOT** the motion to exclude matters outside the pleadings.

---

[1] Doc. 1-1.
[2] Doc. 1.
[3] Doc. 5.
[4] Doc. 7.
[5] Doc. 19.

Case No.16-CV-694
Gwin, J.

### Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[6] The plausibility requirement is not a "probability requirement."[7] The Plaintiff need not try to prove his case in the complaint. But there must be "more than a sheer possibility that the defendant has acted unlawfully."[8]

Federal Rule of Civil Procedure 8 provides the general pleading standard and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[9] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the [] veracity" of "well-pleaded factual allegations."[10]

Defendant Kennametal filed a substantially similar motion to dismiss with the state court in August 2013.[11] Judge Hollie Gallagher granted that motion as unopposed to the counts of negligence and fraud, but denied as to all remaining counts.[12] On March 21, 2014, Defendant Kennametal filed a motion for summary judgment in the Cuyahoga County Court of Common Pleas with arguments similar to the arguments in Defendant's motion to dismiss before this Court. Judge Gallagher denied the motion for summary judgment on October 8, 2014. Defendant Kennametal filed a renewed motion for summary judgment on March 5, 2015. Judge Gallagher denied that motion on March 11, 2015.

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[7] *Id*.
[8] *Id*.
[9] Fed. R. Civ. P. 8(a)(2).
[10] *Id*.
[11] Doc. 21-2.
[12] Cuyahoga County Court of Common Pleas Docket CV-13-80760, September 30, 2013.

Case No.16-CV-694
Gwin, J.

Plaintiffs voluntarily dismissed their action against Kennametal on October 20, 2015 in order to prepare medical evidence prior to trial.[13] On March 11, 2016, Plaintiffs refiled their action against Kennametal, and it was once again before Judge Gallagher.

On March 21, 2016, Defendant Kennametal removed the case to this Court and two days later, filed a motion to dismiss. The history of this matter indicates that Defendant is engaging in forum shopping by filing with this Court a motion to dismiss that is substantially similar to the motion to dismiss and motion for summary judgment that Defendant filed in state court.

More importantly, under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.[14]  The law of the case doctrine dictates that issues, once decided, should be reopened only in extraordinary circumstances. [15] In an oft-quoted passage, the Fifth Circuit explained,

> While the "law of the case" doctrine is not an inexorable command, a decision of a legal issue or issues . . . establishes the "law of the case" and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.[16]

This Court considers this case to be a continuation of the litigation in the former Cuyahoga County Common Pleas Court case given the underlying facts and previously conducted

---

[13] Doc. 22 at 2.
[14] *United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994); *see also Arizona v. California,* 460 U.S. 605, 618 (1983).
[15] *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988).
[16] *White v. Murtha,* 377 F.2d 428, 432 (5th Cir. 1967).

Case No.16-CV-694
Gwin, J.

discovery. Defendant Kennametal has failed to show any exceptional circumstances to justify
reopening the issues presented in the motion to dismiss.

This Court declines to treat the motion to dismiss as a motion for summary judgment and
**DENIES** the motion to convert the motion to dismiss into a motion for summary judgment and
thus **DENIES AS MOOT** the motion to exclude matters outside the pleadings. For the reasons
above, this Court **DENIES** the motion to dismiss and schedules this matter for a case
management conference on June 23, 2016 at 12:00 p.m., Chambers 18A.

IT IS SO ORDERED.


Dated:  May 13, 2016                                   *s/            James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE