UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

MARK SWINDELL, ET AL,          :   CASE NO. 1:16-CV-694
                               :
       Plaintiffs,             :
                               :
vs.                            :   OPINION & ORDER
                               :   [Resolving Docs. 51, 59, 76]
KENNAMETAL INC.,               :
                               :
       Defendant.              :
                               :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 11, 2016, Plaintiffs Mark Swindell, et al. filed a complaint in the Cuyahoga County Common Pleas Court bringing intentional tort, fraud, and negligence claims against Defendant Kennametal, Inc.[1] On March 21, 2016, Defendant Kennametal removed the case to this Court.[2] On August 8, 2016, Defendant Kennametal filed a motion for summary judgment.[3] For the reasons below, this Court **DENIES** the motion for summary judgment.

## I. Background

This case boils down to whether Defendant employer Kennametal intentionally caused Plaintiff employee Swindell's workplace injuries.

Plaintiff Swindell alleges that on September 28, 2011, he was operating a VK 55 milling machine while working for Defendant Kennametal.[4] A part suddenly ejected from the machine and dislocated Plaintiff's elbow.[5] Plaintiff received treatment and returned to work the next day

---

[1] Doc. 1-1. The motion for summary judgment focuses only on Plaintiff's employer intentional tort claim under Ohio. Rev. Code. Ann. § 2745.01.
[2] Doc. 1.
[3] Doc. 51. Plaintiff opposed. Doc. 59. Defendant replied. Doc. 76.
[4] Doc. 59 at 2.
[5] *Id*.

Case No.16-CV-694
Gwin, J.

in a sling.[6] Plaintiff informed his supervisor that he could only perform one-armed tasks, per his doctor's order. [7] Plaintiff alleges that he then re-injured his elbow on September 29, 2011, or September 30, 2011 while doing work that required two hands.[8]

Plaintiff Swindell then filed a Worker's Compensation Claim and was absent from work in November and December 2011.[9] Swindell received a release to return to work and returned to work on January 3, 2012.[10]

Upon returning to work, Swindell told his supervisors Mick Fredonia and Steve Lesco that he was once again restricted to one-armed work.[11] His supervisors placed Swain back on the VK 55 machine.[12] Defendant Kennametal asserts that it gave Swindell adequate assistance in using the machine so as not to aggravate his injury.[13]

Plaintiff Swindell claims that he again re-injured his elbow on February 14, 2012.[14] Months later, in June 2012, Plaintiff alleges that Defendant's representatives falsely assured Plaintiff's doctor that a one-armed position was available for him.[15] Plaintiff's doctor then released him to return to work on June 11, 2012,[16] and Plaintiff returned to Kennametal on June 12 or 13, 2012.[17]

When he came back to work, Swindell was again using the VK 55 machine. He was re-injured on June 14 and was again off of work until September 2012. [18] At that time, Swindell

---

[6] Doc. 51 at 3.
[7] *Id*; *see also* Doc. 59 at 2.
[8] Doc. 51 at 3-4.
[9] *See id* at 4; *see also* Doc. 59 at 3.
[10] Doc. 59 at 4.
[11] Doc. 51 at 4.
[12] *Id*.
[13] *See id*.
[14] *Id*.
[15] Doc. 59 at 7.
[16] *Id*. at 8.
[17] *Id*. at 4; Doc. 51 at 5.
[18] Doc. 59 at 8.

2

Case No.16-CV-694
Gwin, J.

returned to work and performed only one-armed tasks until March 2013, after which he left employment at Kennametal.[19]

*Procedural History*

On March 11, 2016, Plaintiffs Mark Swindell, et al. filed a complaint in the Cuyahoga County Common Pleas Court against Defendant Kennametal.[20] On March 21, 2016, Defendant Kennametal removed the case to this Court.[21] Defendant filed the instant motion on August 8, 2016,[22] Plaintiff Swindell opposed,[23] and Defendant replied.[24]

## II.     Legal Standard

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[25] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[26] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[27] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[28] The Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[29]

---

[19] *Id.*
[20] Doc. 1-1. Plaintiff's wife, Betsy Swindell, brings a loss of consortium claim in conjunction with her husband's claim.
[21] Doc. 1.
[22] Doc. 51.
[23] Doc. 59.
[24] Doc. 76.
[25] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. Pro. 56(a)).
[26] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[27] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[28] *Id.* at 586.
[29] *Killion*, 761 F.3d at 580. (internal citation omitted).

3

Case No.16-CV-694
Gwin, J.

### III. Discussion

In this case, the crux of Plaintiff Swindell's claim is that Defendant Kennametal committed an employer intentional tort. Under Ohio. Rev. Code. Ann. § 2745.01(A), Plaintiff has the burden of proving "that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur."[30] An employer is deemed "substantially certain" when it "acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death."[31]

Most of the facts in this case appear to be undisputed. The parties agree that Plaintiff Swindell was employed by Defendant, injured on the job, re-injured on multiple occasions, and instructed by his physician to do only one-armed jobs.[32]

However, a central question in this case remains in dispute: whether Defendant Kennametal's conduct manifests the requisite intent under Ohio tort law. More specifically, Plaintiff asks whether an employer is liable when it "deliberately deceives an injured employee's treating physician in order to obtain a work release for the injured employee" and then knowingly "assigns that injured employee to a job that is not in compliance with the doctor's restrictions . . . ."[33]

This Court finds this question to be factual in nature. And Defendant has not carried its burden in showing that there is "no genuine dispute" as to whether Defendant's conduct shows intent to injure Plaintiff Swindell.

---

[30] Ohio. Rev. Code. Ann. § 2745.01(A).
[31] Ohio. Rev. Code. Ann. § 2745.01(B).
[32] Doc. 51 at 4; Doc. 59 at 2-8.
[33] Doc. 59 at 1-2.

Case No.16-CV-694
Gwin, J.

Defendant relies on a footnote from the Ohio Supreme Court's opinion in *Kaminski v. Metal & Wire Prods. Co*. to argue that Plaintiff Swindell cannot prove his claim.[34] In *Kaminski*, the court cites to Larson's treatise in Workers' Compensation Law for the proposition that "knowingly ordering employees to perform an extremely dangerous job, wilfully [sic] failing to furnish a safe place to work . . . [or] refusing to respond to an employee's medical needs and restrictions . . . falls short of actual intention" required to prove an employer intentional tort claim. Defendant argues that this language is fatal for Plaintiff.

This Court disagrees for two reasons. First, Plaintiff alleges that Defendant's deliberate misrepresentations to his doctor, coupled with putting Plaintiff back to work on the same machine that had caused his previous injury, demonstrates the intent required under Ohio. Rev. Code. Ann. § 2745.01. "Refusing to respond to an employee's medical needs and restrictions" might *alone* fall short of "actual intention."[35] But a jury might find that such conduct—when combined with misrepresentations to the employee's physician— demonstrates intent.

Second, when the Ohio Supreme Court cited to Larson's treatise in *Kaminski*, it did so while addressing the employer intentional tort statute's constitutionality.[36] Thus, it is unclear that the footnote carries the weight Defendant suggests when applied to the facts of a specific case.

Defendant also relies on the Ohio Supreme Court's opinion in *Houdek v. ThyssenKrupp Materials N.A., Inc*.[37] In *Houdek*, the court found that "although the evidence show[ed] that [Defendant] may have placed [Plaintiff] in a potentially dangerous situation, it does not demonstrate that [Defendant] deliberately intended to injure him."[38]

---

[34] 927 N.E.2d 1066, 1088 n.16 (Ohio 2010) (quoting 6 Larson's Workers' Compensation Law (2008), Section 103.03).
[35] *See id*. at 1088 n.16.
[36] *Id*. at 1088.
[37] 983 N.E.2d 1253 (Ohio 2012).
[38] *Id*. at 1259.

5

Case No.16-CV-694
Gwin, J.

That case likewise fails to support Defendant Kennametal's summary judgment burden. Again, Plaintiff argues that Kennametal did more than simply place him in a dangerous situation. Defendant allegedly lied to Plaintiff's doctor to get him back to work,[39] and then placed him in a dangerous situation. Upon considering all of Defendant's alleged conduct, this Court declines to find that the evidence is "so one-sided that [Defendant] must prevail as a matter of law."[40]

The parties also dispute whether the case doctrine applies. Before this case was removed to this Court, Defendant filed for and was denied summary judgment in the state court proceeding. Under the case doctrine, Plaintiff argues that the state court ruling demands the same outcome here.[41] Because the Court finds that there is a genuine dispute as to material fact on its own analysis, it does not address the case-doctrine issue.

### IV. Conclusion

For the reasons stated above, this Court **DENIES** Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: September 1, 2016
                              s/    James S. Gwin
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[39] Doc. 59 at 7 (citing Koren Woodbury Dep. at 62, 66; Donna Hamlin Dep. at 57-79).
[40] *Rudisill v. Ford Motor Co.*, 709 F.3d 595, 600–01 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).
[41] Doc. 59 at 12-14.